# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AVOYELLES WATER COMMISSION | CIVIL ACTION NO. 24-1400 |
| VERSUS | JUDGE EDWARDS |
| WARD 3 AVOYELLES WATERWORKS DISTRICT | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING & ORDER

Before the Court is a Motion for Remand and Request for Fees and Costs (R. Doc. 10) filed by the Avoyelles Water Commission ("Plaintiff" or "the Commission"), moving the Court to remand this matter to the Tunica-Biloxi Tribal Court ("Tribal Court"). The Ward 3 Avoyelles Waterworks District ("Defendant" or "Ward 3") has filed an opposition (R. Doc. 13).

Having reviewed the parties' memoranda and carefully considered their arguments and the applicable law, the Court **GRANTS** Plaintiff's Motion for Remand but **DENIES** Plaintiff's request for fees and costs.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2023, the Commission filed suit against Ward 3 in the Tunica-Biloxi Tribal Court seeking to enjoin Ward 3 from preventing the Commission's representatives from accessing a water line that serviced the Reservation.[1] The ownership of the property where this water line is located is at the core of the parties' dispute.

---

[1] *See* R. Doc. 10-1 at 1; *Avoyelles Water Commission v. Ward 3, Avoyelles Water Works District*, Case No. 2023-006.

The Commission asserts that the watermain is located on Tunica-Biloxi Tribe (the "Tribe") property.[2] The Commission acknowledges that this dispute is between non-tribal entities and that portions of the infrastructure are located on both tribal and non-tribal land.[3] However, the Commission asserts that the "contractual conduct involved directly has an impact on the Tunica-Biloxi people."[4] Conversely, Ward 3 maintains that the water line is located outside of the Tribe's territorial jurisdiction and that it owns the water line.[5]

A hearing was held before the Tribal Court on December 6, 2023, and the Tribal Court issued its opinion on May 22, 2024.[6] The Tribal Court found that the Tribe, not the Commission or Ward 3, owns the water line.[7] On October 12, 2024, Ward 3 filed a Notice of Removal in this Court.[8] On October 28, 2024, the Commission filed a Motion to Remand the matter to the Tribal Court.[9]

The Commission asserts that remand is proper for four independently dispositive reasons: "(1) because the removal statute does not authorize removal from tribal court, (2) because Ward 3 failed to timely remove the lawsuit even if it were permitted to do so, (3) because this Court lacks jurisdiction over issues involving tribal land, and (4) because, even if this Court had jurisdiction, well-established

---

[2] *See* R. Doc. 10 at 1.
[3] *See* R. Doc. 10 at 1-2.
[4] *See* R. Doc. 10 at 2.
[5] *See* R. Doc. 1, ¶ 9.
[6] *See* R. Doc. 13 at 2.
[7] *See* R. Doc. 1-1 at 92–93; *see also Avoyelles Water Commission v. Ward 3, Avoyelles Water Works District*, Case No. 2023-006.
[8] *See* R. Doc. 1 at 1.
[9] *See* R. Doc. 10.

principles of comity require deference to the Tunica-Biloxi Tribal Court."[10] The Commission also asks the Court to award the Commission fees and costs incurred to remand this action, pursuant to 28 U.S.C. § 1447(c).[11]

Ward 3 asserts that the Tribal Court does not have subject matter jurisdiction over this dispute and that this Court has jurisdiction to determine the scope of the Tribal Court's jurisdiction under federal question jurisdiction.[12] Ward 3 also notes that it had affirmatively disputed the Tribal Court's subject matter jurisdiction over this matter in its answer, pre-trial memorandum, and post-trial memorandum.[13]

## II. LAW & ANALYSIS

### a. Removal

Ward 3 attempts to remove this action pursuant to 28 U.S.C. § 1441(a). Section 1441(a), in pertinent part, permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[14] However, the power to remove an action is "purely statutory."[15] The scope and terms of removal are necessarily limited by the language of the statute invoked.[16] Here, section 1441(a) states that "any civil action *brought in a State court*" may be removed to federal

---

[10] *See* R. Doc. 10 at 1.
[11] *See* R. Doc. 10-1 at 1.
[12] *See* R. Doc. 1, ¶ 9.
[13] *See* R. Doc. 1, ¶ 4.
[14] 28 U.S.C. § 1441(a).
[15] *Shoshone-Bannock Tribes v. Vanir Construction Management, Inc.*, 2023 WL 4706007 at *2 (D. Idaho July 24, 2023) (citing *Bundy v. St. Lukes Health Sys. Ltd.*, Case No. 1:23-cv-00212-DCN, 2023 WL 3572315, at *2 (D. Idaho May 19, 2023)).
[16] *Id.*

district court.[17] The plain language of section 1441(a) "does not reference tribal courts[;] [n]or does the legislative history of the statute."[18]

Ward 3 cites to *Myrick v. Devils Lake Sioux Mfg. Corp.*,[19] to support the contention that cases in tribal court can be removed to federal court.[20] Ward 3 claims that in *Myrick*, the Northeastern District of North Dakota found removal from tribal court authorized based partially on the fact that the tribe, or an arm of the tribe, was not a party.[21] Ward 3 notes, though, "[f]or complete transparency, in *Myrick* the tribal court's jurisdiction was not challenged; however, the claim alleged by the plaintiff was that of age and race discrimination under Title VII of the Civil Rights Act."[22] However, in the interest of "complete transparency," the issue of removal from a tribal court is not addressed in *Myrick*.[23] Ward 3 even cited *Gourneau v. Love*,[24] which explicitly stated that *Myrick* did not address removal from tribal court.[25] Courts addressing this issue have uniformly held that section 1441(a) does not permit removal of an action to federal court from tribal court.[26] Accordingly, the Court finds removal of this case from Tribal Court improper.

---

[17] 28 U.S.C. § 1441(a) (emphasis added).
[18] *Shoshone-Bannock Tribes*, 2023 WL 4706007 at *2 (citing H.R. Rep. No. 80-308, at 133-34 (1947); H.R. Rep. No. 79-2646, at 128-29 (1946)).
[19] 718 F.Supp. 753 (D.N.D. 1989).
[20] *See* R. Doc. 13 at 8.
[21] *See* R. Doc. 13 at 8.
[22] *See* R. Doc. 13 at 8.
[23] *See generally Myrick*, 718 F.Supp. 753.
[24] 915 F.Supp.150 (D.N.D. 1994).
[25] *See* R. Doc. 13 at 8 (quoting *Gourneau*, 915 F.Supp. at 151 ("However, the issue of removal from tribal court is not addressed in *Myrick*.")).
[26] *See, e.g., Shoshone-Bannock Tribes,* 2023 WL 4706007 at *2; *Williams-Willis v. Carmel Fin. Corp.*, 139 F. Supp. 2d 773, 775-76 (S.D. Miss. 2001) (collecting cases and law review articles); *Becenti v. Vigil*, 902 F.2d 777, 780 (10th Cir. 1990) (holding that "State court" as that term is used in 28 U.S.C. § 1442, a removal statute similar to § 1441, did not include an action commenced in tribal court); *Weso v. Menominee Indian Sch. Dist.*, 915 F. Supp. 73, 76 (E.D. Wis. 1995); *Gourneau*, 915 F. Supp. at 152-

Notwithstanding the fact that removal from the Tribal Court is an improper procedural mechanism for Ward 3 to set its contentions over subject matter jurisdiction before the Court, the Court declines to examine that issue before the Tribal Court has had the full opportunity to determine its jurisdiction in the first instance. "Once all tribal remedies are exhausted and the tribal courts finally decide that triable jurisdiction exists, then the district court can decide the question of tribal jurisdiction."[27] "[T]he federal policy of promoting tribal self-government encompasses the development of the entire tribal court system ... exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts."[28]

Ward 3 claims that tribal remedies have been exhausted because the Tribal Court Judge told Ward 3 that "the Tunica-Biloxi Tribe has the framework in place for a Tribal Appeals Court, … they have not appointed the requisite number of judges to the court."[29] As a result, Ward 3 asserts that exhaustion of trial remedies would be futile.[30] However, Ward 3 merely claims that the Tribal Court Judge made those statements but did not provide any evidence, or otherwise offer any proof, to support this claim. Thus, the Court finds that all tribal remedies have not yet been exhausted.

Because the Court finds that this case was improperly removed and all tribal remedies have not been exhausted, the Court will abstain from making a more

---

53; *White Tail Prudential Ins. Co. of Am.*, 915 F. Supp. 153, 154-55 (D.N.D. 1995); *see also Philip Morris USA, Inc. v. King Mountain Tobacco Co.*, 569 F.3d 932, 939 (9th Cir. 2009) (explaining that "the federal removal statute d[oes] not provide for removal from tribal court").
[27] *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1227 (9th Cir. 1989).
[28] *Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 16–17 (1987).
[29] *See* R. Doc. 13 at 8.
[30] *See* R. Doc. 13 at 8.

detailed comity analysis, in favor of allowing the Tribal Court the full opportunity to determine its jurisdiction over the present dispute which will aid this Court in the event it is called upon to review the Tribal Court's findings once all remedies are exhausted before that court. Accordingly, the Commission's Motion for Remand is granted.

### b. Request for Fees and Costs

In its Motion for Remand, the Commission asks this Court to "award the Commission attorney's fees and costs incurred in bringing this Motion for Remand pursuant to Section 1447(c) of the removal statute."[31] Section 1447(c) gives district courts discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." That discretion is to be guided by the standard that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[32] "Conversely, when an objectively reasonable basis exists, fees should be denied."[33]

The Court declines to award attorney fees. While Ward 3 did not persuade the Court that this action was removable, the Court finds that Ward 3's attempt at removal was not without a reasonable basis. That is, Ward 3 raised reasonable claims regarding whether tribal remedies had been fully exhausted. Accordingly, the Commission's request for fees and costs is denied.

---

[31] *See* R. Doc. 10-1 at 6.
[32] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).
[33] *Id.*

### III.  CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiff's Motion for Remand (R. Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Fees and Costs is **DENIED**.

**THUS DONE AND SIGNED** this 10th day of February, 2026.

_____
**JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE**